956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Saragosa JIMINEZ, Defendant-Appellant.
 No. 89-30363.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 3, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Saragosa Jiminez appeals his sentence of five years probation and his conviction by guilty plea for possession of a plate, stone, or other thing from which an obligation of the United States had been printed with intent to forge and counterfeit obligations of the United States, in violation of 18 U.S.C. § 474. Pursuant to Anders v. California, 386 U.S. 738 (1967), Jiminez's attorney has filed a motion to withdraw and a brief stating that he finds no issues for review.
 
 
 3
 Jiminez states that the only possible issue is whether the 20-month delay between his guilty plea and the sentencing hearing violated his sixth amendment right to a speedy trial or Fed.R.Crim.P. 32. Rule 32 provides: "Sentence shall be imposed without unnecessary delay, but the court may, when there is a factor important to the sentencing determination that is not then capable of being resolved, postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved." Fed.R.Crim.P. 32(a)(1); see Treakle v. United States, 327 F.2d 82, 83 (9th Cir.1964) (per curiam) (a delay for the purpose of aiding the defendant does not violate Rule 32). Here, the district court delayed sentencing during Jiminez's prosecution on another charge. Because the outcome of that prosecution was important to the sentencing determination in this case, the district court did not violate Rule 32 by delaying sentencing. See Fed.R.Crim.P. 32(a)(1).
 
 
 4
 The Supreme Court and this court have not yet decided whether the sixth amendment right to a speedy trial emcompasses the sentencing phase of the trial. United States v. Martinez, 837 F.2d 861, 866 (9th Cir.1988). In evaluating a speedy trial claim, this court must weigh four factors: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial rights; and (4) prejudice to the defendant." Id. at 867 (quotation omitted). Here, the delay was long, and Jiminez repeatedly requested sentencing. Nonetheless, the relevance of the outcome of the other prosecution was a legitimate reason for the delay. Furthermore, because the parties state that Jiminez's sentence in this case is concurrent with the sentence in the other case, the delay did not prejudice him. Accordingly, even if the sixth amendment right to a speedy trial encompasses sentencing, the district court did not violate that right. See Martinez, 837 F.2d at 866-67.
 
 
 5
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review. Accordingly, we affirm the district court's judgment and grant the motion of David K. Allen, Esq., to withdraw as counsel of record.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3