**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NORMAN FILMORE,

  Petitioner-Appellant,

v.

STEVE HARGETT,

  Respondent-Appellee.

Case No. 96-6025

(D.C. CIV-95-1844-W)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

  After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

  [*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Norman Filmore, a prisoner in the custody of the

Oklahoma Department of Corrections ("DOC") proceeding in forma pauperis and pro

se, appeals the district court's dismissal of his petition for a writ habeas corpus

pursuant to 28 U.S.C. § 2254. This matter is before the court on Mr. Filmore's

application for a certificate of probable cause for leave to appeal pursuant to 28

U.S.C. § 2253.[2] We assert jurisdiction under 28 U.S.C. § 1291. For the reasons

stated herein, we deny Mr. Filmore's application for a certificate of probable cause

and we dismiss the appeal.

## I. BACKGROUND

In June 1993, Mr. Filmore pled guilty to three state felony counts: (1)

possession of a controlled substance; (2) possession of a firearm while in the

---

[2]     The magistrate judge granted Mr. Filmore leave to proceed in forma pauperis in district court. On February 29, 1996, Mr. Filmore filed both a notice of appeal and a motion for leave to proceed in forma pauperis on appeal. See 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a). This Court has held that the recent amendments to 28 U.S.C. § 1915, enacted as part of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996), do not apply when, as in this case, the prisoner/appellant filed his notice of appeal before April 26, 1996, the date President Clinton signed the Act into law. White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996). We therefore apply the law in effect prior to April 26, 1996, to determine whether Mr. Filmore has demonstrated a "financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." Id. (citing DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991)). We conclude Mr. Filmore has sustained this burden and grant his motion for leave to proceed in forma pauperis.

commission of a felony; and (3) possession of a firearm. Mr. Filmore was sentenced to ten years imprisonment on each count to be served concurrently.

In the spring of 1994, Mr. Filmore escaped from the custody of the DOC. After capture, Mr. Filmore pled guilty to the crime of escape in LeFlore County, Oklahoma. When he was processed by the DOC, the receipt indicated Mr. Filmore was "Received as New Reception" for his escape conviction. Rec. doc. 6, ex. F. Based upon this classfication, Mr. Filmore filed a petition under section 2254 claiming he was being improperly detained on his original conviction.

Mr. Fillmore has exhausted his claims that he was being improperly detained on his original conviction in violation of Oklahoma law and of his due process rights in state court. See 28 U.S.C. § 2254(b), (c). The federal district court adopted the magistrate's recommendations and denied Mr. Filmore's application for a certificate of probable cause and his petition for relief. Mr. Filmore filed his appeal in this court on February 29, 1996.

## II. DISCUSSION

In reviewing the denial of a petitioner's habeas petition, we accept the district court's factual findings unless clearly erroneous, and we review the court's legal conclusions de novo. Hills v. Reynolds, 942 F.2d 1494, 1495 (10th Cir. 1991). We liberally construe a pro se litigant's pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972).

3

Upon a denial of a section 2254 petition, petitioner must obtain a "certificate of probable cause" to appeal the district court's decision. We note that on April 24, 1996, while this case was pending on appeal, the President signed into law the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), which now requires a "certificate of appealability" in place of the "certificate of probable cause." Pursuant to the AEDPA, 28 U.S.C. § 2253 has been amended to require a "certificate of appealability" to be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). However, because we have determined this standard to be equivalent to that previously applied by this court for a certificate of probable cause under Barefoot v. Estelle, 463 U.S. 880, 892-893 (1983) (requiring "a substantial showing of the denial of a federal right"), we need not decide in this case to what extent the amendments apply to petitions pending when the AEDPA was signed into law. See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996) (stating "[w]e therefore believe that Congress drafted the plain language of the newly enacted § 2253(c)(2) to codify the Barefoot standard for issuance of a certificate of probable cause"). For the reasons described herein, we find that Mr. Filmore has not made a substantial showing of the denial of a constitutional right, and we deny his motion for a certificate of appealability.

In his petition for habeas corpus relief under section 2254 in federal district court, Mr. Filmore argued that he was being improperly detained on his original conviction, in violation of Oklahoma statutory law and his due process rights under the Fifth and Fourteenth Amendments.  Federal habeas relief is available only to persons being held in state custody in violation of the Constitution or federal law; it is not a remedy for violations of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Therefore, we will not address Mr. Filmore's argument that his detention violates Oklahoma statutory law.

Liberally construing his petition, Mr. Filmore appears to argue that the doctrine of waiver or the related doctrine of credit for time at liberty apply here.  He asserts the DOC is unlawfully detaining him and depriving him of his liberty without due process because when the DOC processed him into prison as a "new reception' for his escape conviction, it effectively waived his earlier sentences for his previous convictions.

The record shows that Mr. Filmore was readmitted to the penal institution upon his conviction of escape.  During the processing for the escape conviction, the record indicates Mr. Filmore was admitted as a "new reception," according to a document signed by the receiving officer.  The record indicates that at no point in time did the prison records suggest that Mr. Filmore's original conviction had been nullified.  Although federal courts have applied the doctrines of waiver and credit for

5

time at liberty, they do not apply to these facts. Further, Mr. Filmore shows no state cases that apply these doctrines.

In White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930), we held that where a prisoner is released from a federal sentence, through no fault of his own, and the authorities make no effort to reacquire custody over him, that person should be able to rely upon the sovereign's action or inaction, and his federal sentence will continue to run. In United States v. Martinez, 837 F.2d 861, 864 (9th Cir. 1987), the Ninth Circuit explained the related doctrine of waiver of a sentence, which occurs when the government's "actions are so affirmatively improper or grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in its aftermath." (citations omitted). However, here we have no surrender or forfeiture of a sentence by the incarcerating authority. Mr. Filmore escaped; it is hardly the same thing.

Martinez and White delineate the factors that Mr. Filmore must meet: (1) the result must not be attributable to the defendant himself; (2) the action of the authorities must amount to more than simple neglect; and (3) the situation brought about by the defendant's release and his incarceration must be "unequivocally inconsistent with fundamental principles of liberty and justice." 837 F.2d at 864 (citations omitted); 42 F.2d at 789. In White these circumstances were present. Such is not the case here.

Here, the result was attributable to the defendant--he escaped. Second, any error was simple neglect. Finally, the sentences at issue are both state sentences; the state never surrendered or forfeited jurisdiction as the federal government did in White.

This court has reviewed the district court's order, the magistrate's report and recommendation, Mr. Filmore's brief, and the entire record before us on appeal. We conclude that Mr. Filmore has failed to make a "substantial showing of the denial of a constitutional right" for the reasons set out above, and for those in the district court's order and the magistrate's report and recommendation. Accordingly, we deny Mr. Filmore a certificate of probable cause and dismiss his appeal. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge