| .GUIDRY, J.
A prison inmate appeals the dismissal of his petition seeking credit toward his sentence for the time he was set at liberty by the Department of Public Safety and Corrections (DPSC) as a result of its failure to timely execute his sentence. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Appellant, Robert Earl Jackson, is an inmate at the David Wade Correctional Center in Homer, Louisiana, where he is serving a thirty-year sentence, without benefit of probation, parole or suspension of sentence. Appellant was sentenced based on his conviction for attempted armed robbery in 1979. At the time appellant received the thirty-year sentence, he was incarcerated at Louisiana State Penitentiary at Angola, Louisiana, serving a five-year sentence for simple robbery.
On July 18, 1981, appellant was discharged from the Louisiana State Penitentiary and no attempt was made to detain appellant for the attempted armed robbery conviction. At the time of his release, no commitment papers on the sentence for attempted armed robbery had been prepared. The commitment papers were later prepared on October 15,1981, but were not forwarded to the DPSC until January 12, 1983. Therefore, at the time of appellant’s release on the crime of simple robbery, there was no notice of or reference to appellant’s conviction and sentence for attempted armed robbery.
After being released, appellant moved to Texas where, in 1982, he was convicted and sentenced to four years incarceration, but released on parole in 1983. In 1985, appellant was again arrested in Texas and convicted of burglary for which he received a ten-year sentence. While incarcerated on his first Texas conviction, appellant sent a letter to the trial | ¿judge in DeSoto Parish that had sentenced him to thirty years in prison on the attempted armed robbery conviction. The trial judge forwarded the letter to the DeSoto Parish Sheriffs department, which commenced a search to locate appellant and reincarcerate him on the unserved thirty-year sentence. Although aware that appellant was incarcerated in the Texas penal system, Louisiana authorities, nevertheless, had trouble locating appellant because he was serving his sentence under the name of Larry Henderson.
In 1991, Louisiana authorities began the process of seeking extradition of appellant to Louisiana on the unserved thirty-year sentence. The extradition process was completed in 1995, at which time appellant *382 was returned to Louisiana and began serving the thirty-year sentence for attempted armed robbery.
On August 27, 1997, appellant filed an Administrative Remedy Procedure (ARP) with the David Wade Correctional Center contesting the fact that he had not been granted any credit for the time he had been set at liberty by prison authorities from 1981 until 1995. After having the ARP denied at all three steps of the administrative remedy process, appellant filed a petition for judicial review. The following persons were cited as defendants therein: Richard Stalder, secretary of DPSC; Johnny Creed, assistant secretary of DPSC; Kelly Ward, warden of the David Wade Correctional Center; and Jean Baker, records manager of the David Wade Correctional Center. The defendants filed an answer generally denying the allegations of appellant’s petition.
The matter was considered by a commissioner appointed by the district court to review the case. The commissioner issued a report recommending that the district court deny the relief requested in the petition. |4A judgment in accordance with the commissioner’s recommendation was rendered. Appellant filed for an appeal of this judgment.
ASSIGNMENTS OF ERROR
In his brief, appellant’s sole assignment of error is attributed to the district court’s failure to award him a credit for the time he was at liberty following his release from prison in 1981.
STANDARD OF REVIEW
Judicial review of the denial of appellant’s ARP is provided for in La. R.S. 15:1177. According to that statute, the district court’s review is limited to the record and the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). Furthermore, the reviewing court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decisions or findings are (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary, capricious or characterized by abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); Mingo v. Stalder, 98-2798, p. 3-4 (La.App. 1st Cir.9/24/99), 757 So.2d 709, 710-711.
In its judicial review of the prison authorities’ final decision, the district court functions as an appellate court. Therefore, on review of the district court’s judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Eicher v. Louisiana State Police, Riverboat Gaming Enforcement Division, 97-0121, p. 5 n. 5 (La.App. 1st Cir.2/20/98), 710 So.2d 799, 803 n. 5, wrii denied, 98-0780 (La.5/8/98), 719 So.2d 51.
DISCUSSION
In his brief to this court, appellant argues that the district court wrongly dismissed his petition for judicial review based on the application of incorrect principles of law. Basically, appellant asserts that the district court reviewed his petition under the principles of equitable estoppel[2] *383 and waiver of jurisdiction,[3] neither of which were asserted by appellant as grounds for relief in his petition for judicial review.
Appellant then goes on to reurge his contentions that he should be entitled to a credit against the sentence he is now serving because he was erroneously set at liberty by officials of DPSC. In U.S. v. Martinez, 837 F.2d 861 (9th Cir.1988), the doctrine of credit for time at liberty is explained by the court:
Under the doctrine of credit for time at liberty, a convicted person is entitled to credit against his sentence for the time he was erroneously at liberty provided there is a showing of simple or mere negligence on behalf of the government and provided the delay in execution of sentence was through no fault of his own.
|fiMartinez, 837 F.2d at 865.
In that case, Martinez had been indicted for obstruction of justice based on his actions as the business agent for the Teamsters’ Union. He appealed his conviction and sentence on the indictment, but the same was affirmed by the Ninth Circuit Court of Appeals and a writ of certiorari was denied by the United States Supreme Court. After all appellate remedies had been exhausted, the federal district court failed to order Martinez to report to the custody of the Attorney General to begin serving his sentence nor did it issue a commitment order against him. Seven and a half years later, in 1982, the Federal Bureau of Investigation discovered that Martinez had not served his sentence; and, in 1983, Martinez was ordered to report to the Bureau of Prisons to begin serving his sentence.
In the appeal of the denial of Martinez’s motion to vacate or set aside his sentence, the court of appeals found the doctrines of equitable estoppel and waiver of jurisdiction to be inapplicable to Martinez’s case. However, the court of appeals found the doctrine of credit for time at liberty to fully apply looking at the following facts:
Here, Martinez failed to be incarcerated because of a ministerial error which resulted from no fault of his own. Martinez did not hinder the issuance of the order to commence service because he has lived at the same residence, has made no attempt to conceal his identity or to flee, and has continued to work at the same job. Martinez has indeed evinced a willingness to comply with such orders; he has already served a portion of his sentence.
Martinez, 837 F.2d at 865. Nevertheless, the court declined to apply the doctrine to Martinez’s case because of his failure to pursue administrative remedies through the prison system. Martinez, 837 F.2d at 865.
There is no such limitation on the application of the doctrine in this case. Appellant initiated an administrative remedy challenging the |7computation of his proposed release, which was denied at all three steps, before filing suit on this matter in state district court. Therefore, we will analyze the facts of this particular case to determine if appellant’s assignment of error has merit under the doctrine of credit for time at liberty.
The doctrine, as delineated, requires a two-part analysis. The first part of the analysis is to determine whether the *384 erroneous release of appellant was the result of simple or mere negligence on the part of the state. The record clearly does not indicate that appellant was purposefully released or that his release was the result of gross misconduct on the part of DPSC officials. On the contrary, as the transcript from appellant’s extradition hearing reveals, authorities were still unclear as to the exact cause of the miscom-munication. Horace Womack, of the De-Soto Parish Sheriffs department, testified at the extradition hearing as follows:
My understanding July of ’81 after serving four years on a five year sentence. Through an error in paperwork Angola Prison claimed they never received the sentence. Our Clerk of Court claims that the sentence was received and they lost it. I asked what actually happened and no one seems to know.
These facts clearly show that the erroneous release of appellant from the custody of DPSC was an act of simple or mere negligence. See Clark v. Floyd, 80 F.3d 371, 374 (9th Cir.1996); Martinez, 837 F.2d at 865; Green v. Christiansen, 732 F.2d 1397,1400 (9th Cir.1984). Accordingly, the first part of the analysis is satisfied.
The second part of the analysis under the doctrine questions whether there is any proof that the delay in the execution of appellant’s sentence can be attributed to his fault. Throughout his pleadings to prison officials and before the district court, appellant alleged that he attempted to alert prison officials to the fact that he had been erroneously released, to no avail. However, the defendant, by his own admission left the State of Louisiana |Rwithin weeks of his release in 1981. He was convicted in Texas in 1982 and sentenced to four years imprisonment. He was paroled from 1983 to 1985 by the Texas penal system. In 1985, appellant was convicted of burglary and sentenced to serve ten years. He served time in Texas under the name of Larry Henderson.
The record shows that the earliest point at which authorities may have been alerted to the fact that appellant had been erroneously released was October of 1981. According to the testimony of Deputy Womack, a search for appellant was then instituted. Womack further testified that in 1982 they were notified that appellant was in the custody of the Texas Department of Corrections by a letter he had written to the trial judge who had sentenced him on the attempted armed robbery conviction. However, it is unclear, from Womack’s testimony, if officials of DPSC knew in 1982 that appellant was using and being held under the assumed name of Larry Henderson. Womack, at first, implies that appellant used the name of Larry Henderson in the letter he sent in 1982, but then he goes on to explain that Louisiana authorities had difficulty locating appellant in the Texas penal system because of his assumed name. Nevertheless, by February 14, 1986, the record shows that officials had located and placed a detainer on appellant in connection with the thirty-year sentence.
The Louisiana Supreme Court did not expressly reference the doctrine of credit for time at liberty when it accorded the defendants relief in State v. Roberts, 568 So.2d 1017 (La.1990); however, the basic premise of that doctrine was unquestionably applied. The facts of Roberts fall squarely in line with the federal cases applying the doctrine. The two defendants, Barry Roberts and Steve Couture, were convicted of manslaughter and sentenced to nine years at hard labor. Pending the appeal of their convictions, the 1 defendants were released on bail. Upon affirmance of their convictions by this court, the district attorney’s office delayed some five years and three months before filing a motion before the district court for the execution of the defendants’ sentences. Warrants were issued based on the granting of the motion by the district court, however, it was over a year later before the warrants were executed, despite the fact that the defendants continued to reside at the same place where they had lived before being convicted. Defendants *385 filed a writ of habeas corpus based on the delay in execution of their sentences.
The supreme court found that neither the doctrine of equitable estoppel or waiver of jurisdiction were applicable to defendants’ claim. Yet, in concluding that the defendants were entitled to a credit for the time they were erroneously at liberty, the supreme court expanded the inquiry into whether to grant the credit to encompass principles of due process and fundamental fairness. Specifically, the supreme court considered the following factors in making its determination: the nature of the offenses; mitigating aspects of defendants’ involvement; the sentences imposed; the lapse of time without execution of the sentences; defendants’ exemplary conduct; and absence of any fault or wrongdoing on the part of defendants. Roberts, 568 So.2d at 1019.
In conformity with the analysis presented in Roberts, we cannot say that the district court erred in finding that appellant was not entitled to a credit for the time he was at liberty. The particular facts of the ease before us reveal that the appellant moved to Texas shortly after his erroneous release, and changed his name, thus hindering attempts to reincarcerate him on the unserved sentence. Further, he continued to engage in criminal activity, which twice led to his incarceration by the State of Texas. He did Imnot adjust well upon his release into society. In fact, he abused his time at liberty. Therefore, it is totally consistent with fundamental principles of liberty and justice to deny this appellant, under these circumstances, the day-for-day credit he seeks. Accordingly, we find that the district court did not err.
CONCLUSION
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.

. In order to prove entitlement to relief under the doctrine of equitable estoppel, a party must prove four things:
1. The party to be estopped must know the facts;
2. He must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended;
3. The latter must be ignorant of the facts; and
*383 4. He must rely on the former's conduct to his injury.
Johnson v. Williford, 682 F.2d 868, 872 (9th Cir.1982); United States v. Georgia-Pacific Company, 421 F.2d 92, 96 (9th Cir. 1970).

. In Piper v. Estelle, 485 F.2d 245, 246 (5th Cir. 1973), the court explained the circumstances upon which a court may make a finding that waiver of jurisdiction has occurred: [I]t is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest. Rather the waiving state’s action must be so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with "fundamental principles of liberty and justice” to require a legal sentence to be served in the aftermath of such action or inaction.