**Sheridan WILLIAMS, Movant,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 01 Civ.1924 (LAK), S1 97 CR. 461 (LAK).**

United States District Court, S.D. New York.

June 7, 2001.

Robert A. Walters, Simms & Walters, P.C., for Movant.

Katherine Polk Failla, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for Respondent.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This Section 2255 motion raises an issue concerning the proper computation of the duration of movant's sentence in light of his inadvertent release from prison and subsequent rearrest and incarceration.

### Facts

Sheridan Williams was convicted on his plea of guilty of wire fraud and sale of stolen goods across state lines and sentenced on May 11, 1998 principally to a term of imprisonment of 30 months. At the time he committed these offenses, he was on supervised release for another offense. In consequence, the Honorable Peter K. Leisure on June 25, 1998, sentenced him to an additional term of imprisonment of four months, the sentence to run consecutively to that imposed by the undersigned.

After a number of delays not attributable to him, Williams surrendered to the United States Marshals Service in this district on August 3, 1998 to begin serving these sentences. He was designated to

the Passaic County Jail in Paterson, New Jersey, on an interim basis pending designation of a federal facility by the Bureau of Prisons ("BOP").

On November 25, 1998, through no fault of his own, Williams mistakenly was released from custody. To his considerable credit, he promptly contacted the lawyer who had represented him before this Court, who arranged for a conference before the Court on December 10, 1998, at which time Williams was directed once again to surrender to the Marshal Service on January 11, 1999. Williams' counsel, however, subsequently requested two adjournments of the surrender date on the ground that the BOP still had not designated a facility for the service of Williams' sentence. The Court granted the requests, ultimately postponing the surrender date until the week of February 22, 1999.

Williams failed to surrender as directed although he was aware of his obligation to do so.[1] Discussions between Williams' counsel and the U.S. Attorney's Office resulted in Williams' agreement to surrender on April 23 and the office forebearing from seeking a warrant. Williams, however, failed to surrender on April 23 although he was made aware of that date as well.[2] Accordingly, the government applied for and the Court issued an arrest warrant. Williams was taken into custody on May 12, 2000.

Following his arrest, Williams petitioned the BOP for credit for time erroneously at liberty and was granted 15 days of credit. He now contends, however, that he was entitled to credit for a substantial additional period during which he was at large and that he should have been released on January 12, 2001.

*Discussion*

 The parties are in general agreement on the legal principle governing this matter. As one court has put it:

"a convicted person is entitled to credit against his sentence for the time he was erroneously at liberty provided there is a showing of simple or mere negligence on behalf of the government and provided the delay in execution of sentence was through no fault of his own." [3]

A contrary view would be to grant:

"the marshal, a ministerial officer, power more arbitrary and capricious than any known in the law. A prisoner sentenced for one year might thus be required to wait forty under the shadow of his unserved sentence before it pleases the marshal to incarcerate him." [4]

It is in the application of this principle that their views diverge.

There is no dispute that Williams' release on November 25, 1998 was the result of an administrative error of some sort for which Williams bore no responsibility. The government, however, contends that Williams, as the BOP concluded, is not entitled to credit for any time during which he was at liberty beyond December 10, 1998. It argues that (1) Williams was at large from December 10 through February 22, 1999 only as a result of his successful application to be allowed to surrender voluntarily to a BOP facility rather than return to the Passaic County jail and (2) the entire period subsequent to February 22, 1999 cannot be credited in view of Williams' failure to surrender as directed.

1. Tr., May 26, 1999, at 3.

2. *Id.*

3. *United States v. Martinez,* 837 F.2d 861, 865 (9th Cir.1988).

4. *Smith v. Swope,* 91 F.2d 260, 262 (9th Cir. 1937).

Here there is no question at all that the period commencing on February 22, 1999 should not be credit against Williams' sentence. Inasmuch as he deliberately failed to surrender on that date as he was required to do, the fact that he thereafter remained at liberty rather than serving his sentence was his own fault. Nor is he entitled to credit for the period from December 10, 1998 through February 22, 1999. Williams was not in prison during that period because he first requested leave to surrender voluntarily rather than being remanded immediately and later requested two adjournments of the surrender date rather than surrendering and being held at a facility not to his liking.

### Conclusion

Accordingly, Williams' motion to vacate, set aside or correct his sentence is denied. His motion for bail pending disposition of that motion likewise is denied as moot. As no substantial constitutional question is presented, a certificate of appealability is denied.

SO ORDERED.