UNITED STATES of America,
Plaintiff–Appellee,

v.

Cesar MURILLO–MARTINEZ,
Defendant–Appellant.

No. 01–30422.
D.C. No. CR–01–30052–MRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Jan. 30, 2003.

Before REAVLEY,* KOZINSKI, and W. FLETCHER, Circuit Judges.

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.
** This disposition is not appropriate for publication and may not be cited to or by the

UNITED STATES of America,
Plaintiff—Appellee,

v.

Carl Lavar LEE, Defendant—
Appellant.

No. 01–50210.
D.C. No. CR–94–00254–WMB–05.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2003.

Decided Jan. 30, 2003.

Before HALL, KOZINSKI and RAWLINSON, Circuit Judges.

MEMORANDUM *

1. The delay in Appellant's sentencing did not violate his speedy trial rights un-

courts of this circuit except as provided by 9TH CIR. R. 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts

der the Speedy Trial Act or the Sixth Amendment. *See United States v. Parks,* 285 F.3d 1133, 1143 (9th Cir.2002); *see also United States v. Martinez,* 837 F.2d 861, 866–67 (9th Cir.1988).

2. Because Gomez was sufficiently familiar with Appellant's voice, the district court did not abuse its discretion when it admitted Gomez' testimony identifying Appellant's voice on the surveillance tapes. *See United States v. Plunk,* 153 F.3d 1011, 1023, *amended by* 161 F.3d 1195 (9th Cir. 1998).

3. The district court did not abuse its discretion in denying a new trial on the basis of extrinsic evidence in the jury room. Even assuming the jury was exposed to extrinsic evidence, Appellant was not prejudiced. *See United States v. Saya,* 247 F.3d 929, 937 (9th Cir.2001).

4. There was also no abuse of discretion in denying a new trial on the basis of prosecutorial misconduct. The government's providing of information to *Time* magazine did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. *See Mancuso v. Olivarez,* 292 F.3d 939, 957 (9th Cir. 2002).

5. As is our usual practice, we decline to address Appellant's ineffective assistance of counsel claim on direct appeal. *See United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000).

AFFIRMED.

of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).