**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50353 |
| Plaintiff - Appellee, | D.C. No. 8:06-cr-00188-AG-6 |
| v. | |
| LUIS ALBERTO CAZAREZ IBARRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted August 30, 2010[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and GOULD, Circuit Judges.

Luis Alberto Cazarez Ibarra pled guilty in federal district court to possession

of cocaine with intent to distribute. Thereafter, he stipulated to continue

sentencing for six months. After that delay, the court sentenced him to 168 months

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of imprisonment, which reflected an offense level enhancement for firearm possession. He timely appeals, alleging ineffective assistance of counsel at sentencing with respect to the enhancement, and alleging violations of the Fifth and Sixth Amendments with respect to the delay between his guilty plea and sentencing.

First, assuming *arguendo* that sentencing is part of trial for Sixth Amendment purposes, the delay in Cazarez Ibarra's sentencing did not violate his Sixth Amendment right to a speedy trial. Cazarez Ibarra failed to demand to be sentenced as required for a Sixth Amendment claim. *See United States v. Martinez*, 837 F.2d 861, 866–67 (9th Cir. 1988). Furthermore, the delay was not unreasonably long, *Pollard v. United States*, 352 U.S. 354, 362 (1957), and it appears to have been, at least in part, for Cazarez Ibarra's benefit. *See Martinez*, 837 F.2d at 867. Indeed, he stipulated to the six month continuance in order to engage in ongoing discussions with the government. Second, the delay did not violate Cazarez Ibarra's Fifth Amendment right to due process. Assuming *arguendo* that the Fifth Amendment due process guarantee applies to speedy sentencing, Cazarez Ibarra was not actually prejudiced by the delay. *See United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005) (citation omitted). Nor did the delay "offend[] those fundamental conceptions of justice which lie at the base

of our civil and political institutions." *Id.* (internal quotation marks and citation omitted). Third, because the delay was to the defendant's advantage, it was not unnecessary and did not violate Fed. R. Crim. P. 32(b)(1). *Cf. Treakle v. United States*, 327 F.2d 82,83 (9th Cir. 1964) (per curiam).

Finally, we decline to vacate Cazarez Ibarra's sentence on the ground that he received ineffective assistance of counsel. The record is insufficiently developed at this time to permit determination of the issue. *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009). And the legal representation was not so inadequate that it obviously denied Cazarez Ibarra his Sixth Amendment right to counsel. *Id*. We generally defer adjudication of ineffective assistance claims until appeal is taken from the denial of a section 2255 petition. *See* 28 U.S.C. § 2255; *United States v. Johnson*, 820 F.2d 1065, 1074 (9th Cir. 1987).

**AFFIRMED.**