**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO MCPHEARSON, | No. 14-16031 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-01889-DAD |
| v. | |
| MICHAEL BENOV, Warden; LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, Magistrate Judge, Presiding

Argued and Submitted August 14, 2015
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges and ROSENTHAL,**
District Judge.

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*  The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

In his 28 U.S.C. § 2241 petition, Pedro McPhearson argues that the United States government violated his Fifth Amendment right to due process by re-incarcerating him after almost ten years of failing to execute his sentence. Finding the government's conduct neither "shocked the conscience," nor was "inconsistent with fundamental principles of liberty and justice," the district court denied McPhearson's petition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The government did not "waive its jurisdiction" over McPhearson such that re-incarcerating him violated due process. In delayed incarceration cases, we use the "totality of the circumstances test espoused in" *United States v. Merritt*, 478 F. Supp. 804, 807 (D.D.C. 1979), to evaluate the petitioner's waiver claim. *United States v. Martinez*, 837 F.2d 861, 864 (9th Cir. 1988). Under this test,

> [a] convicted person will not be excused from serving his sentence merely because someone in a ministerial capacity makes a mistake with respect to its execution. Several additional factors must be present before relief will be granted—the result must not be attributable to the defendant himself; the action of the authorities must amount to more than simple neglect; and the situation brought about by defendant's release and his incarceration must be unequivocally inconsistent with fundamental principles of liberty and justice.

*Id.* (internal quotation marks omitted). Relief is proper only if the government's failure to promptly incarcerate the petitioner "shocks the conscience." *Cty. of*

2

*Sacramento v. Lewis*, 523 U.S. 833, 846 (1988) ("[T]he cognizable level of executive abuse of power [is] that which shocks the conscience.").

Here, McPhearson has not established that his re-incarceration "shocks the conscience." The government's failure to lodge a detainer with the Los Angeles County Sheriff was a "ministerial" mistake not rising to the level of a due process violation. *See Martinez*, 837 F.2d at 864. And while the government was neglectful—even very neglectful—in failing to incarcerate McPhearson for nearly ten years, under our case law, mere neglect does not violate due process. *See id.* at 863, 865 (declining to find waiver even though Martinez was erroneously at liberty for nearly seven years during which time he "made no attempt to conceal his identity or to flee"); *cf. Johnson v. Williford*, 682 F.2d 868, 873 (9th Cir. 1982) (finding the government waived its jurisdiction over Johnson when federal officials told him multiple times he was parole-eligible, released him on parole, and re-incarcerated him after realizing he was in fact convicted of a non-parolable offense).

Nor was McPhearson's re-incarceration after ten years at liberty "unequivocally inconsistent with fundamental principles of liberty and justice." *Martinez*, 837 F.2d at 864 (internal quotation marks omitted). The United States Bureau of Prisons granted McPhearson day-for-day credit for all of his time at

liberty, plus good time credits. *See Green v. Christiansen*, 732 F.2d 1397, 1400 (9th Cir. 1984) (discussing the "credit for time at liberty" doctrine). Ultimately, McPhearson will serve fewer than eight years of a nearly twenty-two year sentence. In this way, although McPhearson's re-incarceration was disruptive for his life and family, it was not sufficient to constitute a substantive due process violation and require McPhearson's immediate release. *See Martinez*, 837 F.2d at 864–65.

**2.** Finally, relief is not warranted under an alternative "equitable estoppel" theory because, as the district court found, McPhearson did not prove he was "ignorant of the facts" of his erroneous release. *See Johnson*, 682 F.2d at 873 (discussing the elements of equitable estoppel).

**AFFIRMED.**