COMMONWEALTH *vs.* RODNEY M. TAYLOR.

Suffolk. May 6, 1992. - July 24, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*"School Zone" Statute. Controlled Substances. Constitutional Law,* Double jeopardy, Equal protection of laws. *Due Process of Law,* Vagueness of statute. *Practice, Criminal,* Instructions to jury, Assistance of counsel. ·

In circumstances in which a criminal defendant was charged with violating G. L. c. 94C, § 32C, possession of marihuana with intent to distribute, and G. L. c. 94C, § 32J, possession of marihuana with intent to distribute within 1,000 feet of a school; was found guilty of both charges in both the primary and jury-of-six sessions of the Boston Municipal Court; and, alleging that he had appealed only his § 32J conviction to the jury-of-six session, contended that, because the § 32C offense was an essential component of the § 32J charge, he should not, consistent with double jeopardy principles have been tried anew on the § 32J charge from which he had taken an appeal, this court, noting that § 32J creates and punishes a distinct offense which can be charged separately from the underlying offense which gives rise to it, concluded that, even assuming that the defendant had not appealed his conviction under § 32C to the jury session, that conviction stood, and that retrial of the § 32C offense was of no legal significance with respect to the de novo trial of the § 32J offense, and, as a consequence, double jeopardy principles did not defeat the latter conviction; however, absent a clear demonstration in the record that the defendant had taken an appeal from the conviction on the § 32C charge, this court vacated his conviction and sentence in the jury session, and ordered restored his § 32C conviction in the primary session. [245-247]

The so-called school zone provision of G. L. c. 94C, § 32J, is neither unconstitutionally vague nor overbroad within the meaning of the due process clause of the Fourteenth Amendment to the United States Constitution. [248-249]

There was no merit to the contention of a defendant convicted of violating G. L. c. 94C, § 32J, possession of marihuana with intent to distribute within 1,000 feet of a school, that § 32J violated the equal protection clause of the Fourteenth Amendment to the United States Constitution by imposing on inner city drug dealers a punishment to which drug

dealers elsewhere may not be subject since "there is no locus within the inner city of Boston which is not also 'within one thousand feet of a school zone.' " [249-250]

At a trial of a defendant charged with violating G. L. c. 94C, § 32C, possession of marihuana with intent to distribute, and G. L. c. 94C, § 32J, possession of marihuana with intent to distribute within 1,000 feet of a school, there was no error in the judge's instructions to the jury on the issue of distribution; nor did the defendant's trial counsel furnish ineffective assistance. [250-251]

COMPLAINT received and sworn to in the Boston Municipal Court Department on October 23, 1989.

On appeal to the jury session of that court, a motion to dismiss was heard by *Theodore S. Bakas*, J., and the case was tried before him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Bruce R. Taub* for the defendant.

*David B. Mark*, Assistant District Attorney, for the Commonwealth.

GREANEY, J. This is the third case in which we consider challenges to G. L. c. 94C, § 32J, as inserted by St. 1989, c. 227, § 2, the so-called school zone statute.[1] The defendant stands convicted of a violation of G. L. c. 94C, § 32C, possession of marihuana with intent to distribute, and a violation of G. L. c. 94C, § 32J, possession of marihuana with intent to distribute within 1,000 feet of a school. One challenge by the defendant, styled as a double jeopardy issue, concerns the manner in which he was tried on the two charges in the primary and jury sessions of the Boston Municipal Court. The defendant's other challenges are directed at § 32J, and are constitutional in nature. There are also claims of inadequate jury instructions and ineffective assistance of counsel. We transferred the case to this court on our own motion.

---

[1]The full text of the statute is set forth in *Commonwealth v. Alvarez*, *ante* 222, 225 n.1 (1992).

Before discussing the defendant's contentions, we summarize the facts which could have been found by the jury. On October 20, 1989, at about 11:38 A.M., Massachusetts Bay Transportation Authority police Sergeant James Mulhern entered the New England Medical Center subway station to check on his officers. There, Sergeant Mulhern, who had experience in drug cases, observed the defendant to be engaged in what Mulhern believed to be a drug sale. When the defendant saw Mulhern, he tried to flee. Mulhern and other officers apprehended and arrested the defendant who was observed carrying a "beeper" (paging device). Fourteen sealed packets of marihuana, totalling 15.62 grams and having a "street value" of ten dollars a packet, were seized from the defendant. A total of $221 in cash was also seized. The defendant was first observed by Mulhern about 125 feet away from Don Bosco High School.

1. We first take up the defendant's double jeopardy argument which arises out of the following circumstances. The charges against the defendant were contained in a complaint filed in the Municipal Court for the city of Boston which alleged (in separate counts) a violation of G. L. c. 94C, § 32C, and a violation of G. L. c. 94C, § 32J. The defendant waived a jury trial in the first instance and was found guilty of both charges in the primary session by a judge of the Boston Municipal Court. The judge placed the defendant's § 32C conviction on file, and sentenced him on his § 32J conviction to two years in a house of correction. The docket on both cases in the primary session indicates that, at the time the defendant was convicted and sentenced, the defendant appealed only his § 32J conviction to the Boston Municipal Court jury-of-six session.

In the jury session, the defendant moved to dismiss the § 32J charge on the ground that it could not be tried independently of the § 32C charge. A judge in that session remanded the case to the primary session for "clarification" of the record there. According to the Commonwealth, the primary court docket was then "corrected" to record an appeal to the jury session by the defendant from the § 32C convic-

tion as well. Following this, both the § 32C charge and the § 32J charge were set down for a jury trial. The defendant then moved to dismiss the charges on the ground of double jeopardy and on the additional ground that § 32J was unconstitutional. That motion was denied, and the defendant was found guilty by a jury of both charges. The defendant was sentenced to a two-year term on the § 32C conviction, and a concurrent two-year term on the § 32J conviction.[2]

The defendant maintains that he never took an appeal to a jury from his conviction in the primary session of the Boston Municipal Court on the charge of possession of marihuana with intent to distribute under G. L. c. 94C, § 32C. Based on this assertion, the defendant argues that, because the § 32C offense was an essential component of the § 32J charge, he could not, consistent with double jeopardy principles, be tried anew on the § 32J charge from which he had taken an appeal.

It cannot be clearly determined on the record before us whether the defendant had in fact taken an appeal for a de novo jury trial on the § 32C offense. We need not resolve the ambiguity. We will assume in the defendant's favor that he did not appeal his § 32C conviction. Even with that assumption, he was not exposed to double jeopardy on the § 32J offense.[3]

In the usual case (as § 32J seems to contemplate), the school zone charge will be tried together with the predicate charge. This was done in this case in the primary session of the Boston Municipal Court when the defendant was tried on both the § 32C charge and the § 32J charge. The anomalous situation that appears to have occurred thereafter stems from the nature of the two-tiered system for trials that exists in most District and Municipal Courts. That system permits a

---

[2]This sentence is contrary to the directive of § 32J that the mandatory minimum two-year sentence required thereunder be made consecutive to the sentence imposed on the predicate offense.

[3]The defendant's premise appears to be that the so-called corrected docket in the primary session was made without his assent in response to the remand by the judge in the jury session for "clarification."

defendant who is convicted in a primary session on two distinct charges to accept conviction and disposition on one by not appealing, and to vacate conviction and disposition on the other by taking an appeal to the jury session for trial de novo.

General Laws c. 94C, § 32J, creates and punishes a distinct offense which can be charged separately from the underlying offense which gives rise to it. In this case, the defendant's appeal of his conviction on the § 32J charge had the effect of placing only that charge before the jury session of the Boston Municipal Court for trial de novo. See *Commonwealth* v. *Hutchins*, 410 Mass. 726 (1991). However, because (on the assumption we make) the defendant did not appeal his conviction under G. L. c. 94C, § 32C, for possession of marihuana with intent to distribute, that conviction stood. It was therefore unnecessary to retry the defendant on that charge in connection with the de novo trial on his appeal of the § 32J conviction.[4] The retrial of the § 32C offense was of no legal significance with respect to the de novo trial of the § 32J offense, and, as a consequence, double jeopardy principles do not prevent the latter conviction from standing.

In the interests of fairness, however, we think the defendant should not have been retried and sentenced on the § 32C charge without a clear demonstration in the record that he took an appeal from that conviction. Accordingly, as to that charge, we will vacate his conviction and sentence in the jury session, and order restored his § 32C conviction in the primary session.[5]

---

[4] In the jury session, the Commonwealth could have made out a case sufficient to withstand a motion for required finding of not guilty on the § 32J charge by introducing a certified copy of the defendant's first conviction in the primary session of the § 32C offense and proof that offense had taken place within 1,000 feet of school property.

[5] The defendant also argues that punishment for both the § 32C and § 32J convictions constitutes improper multiple punishments prohibited by the double jeopardy clause of the Fifth Amendment to the United States Constitution and our common law rules guarding against double jeopardy. The arguments on the State law grounds have been considered and re-

2. The defendant next argues that the school zone provision in § 32J violates his due process rights under the Fourteenth Amendment to the United States Constitution because that provision is too vague and overbroad to be enforced properly.[6] The defendant's argument is stated principally in conclusory terms to the effect that § 32J is (as his brief puts it) "overbroad, vague and uncertain . . . because it does not equitably or sufficiently define the specific acts or conduct prohibited."

The "void for vagueness" doctrine requires that a penal statute "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Commonwealth* v. *Williams*, 395 Mass. 302, 304 (1985), quoting *Kolender* v. *Lawson*, 461 U.S. 352, 357 (1983). "A law is not vague . . . if it requires a person to conform his conduct to an imprecise but comprehensive normative standard so that men of common intelligence will know its meaning." *Commonwealth* v. *Gallant*, 373 Mass. 577, 580 (1977), quoting *Commonwealth* v. *Orlando*, 371 Mass. 732, 734 (1977).

As to the circumstances of this case, § 32J meets this standard. The statute provides the possession of certain drugs with intent to distribute (or the actual distribution of drugs) within 1,000 feet of school property is prohibited. A person of average intelligence would understand the statute to prohibit such conduct, and the statute instructs the police on what is criminal, thereby deterring arbitrary and discriminatory law enforcement. Courts which have considered the question have consistently found drug-free school zone provisions not to be unconstitutionally vague.[7] See, e.g., *United*

---

jected in *Commonwealth* v. *Alvarez, supra* at 232, and the Federal constitutional law arguments are without merit. See *id.* at 231.

[6]The defendant makes no argument under any cognate provisions of the Massachusetts Constitution.

[7]No question has been raised in this case on whether the statute would apply to a defendant who possesses drugs within 1,000 feet of school property but who intends to distribute the drugs elsewhere.

*States* v. *Agilar,* 779 F.2d 123, 126 (2d Cir. 1985), cert. denied, 475 U.S. 1068 (1986) (Federal drug-free school zone statute not unconstitutionally vague); *State* v. *Ogar,* 229 N.J. Super. 459, 471-472 (1989) (same).

General Laws c. 94C, § 32J, is also not overbroad. "A statute is . . . overbroad . . . if, even though it is clear and precise, it prohibits constitutionally protected conduct." *Commonwealth* v. *A Juvenile,* 368 Mass. 580, 586-587 n.4 (1975). There is no constitutional protection granted to the possession of illegal drugs with intent to distribute, and the defendant obviously cannot make any argument tying his conduct to any protected form of expression or conduct. Cf. *Commonwealth* v. *Nissenbaum,* 404 Mass. 575, 583 (1989).

3. The defendant states in his brief that "there is no locus within the inner city of Boston which is not also 'within one thousand feet of a school zone.' " Based on this assertion, he goes on to surmise that everyone in the inner city of Boston charged with one of the offenses described in § 32C will automatically be subject to prosecution and possible punishment under § 32J. He perceives this as imposing on inner city drug dealers a punishment to which drug dealers elsewhere may not be subject, thereby, in his view, creating a statute with discriminatory impact. It is difficult to tell where the argument is ultimately supposed to lead. The Commonwealth treats it as a contention by the defendant that § 32J violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. We also take the argument to be so based. It is without merit.

There is nothing in the record to support the defendant's contention that there is no location within the inner city of Boston that is not within 1,000 feet of a school. Even if that fact could be proved, it would not establish an equal protection violation.[8] The issue was succinctly discussed and disposed of by the Supreme Court of Utah in considering a lo-

---

[8] A suggestion that drug dealers in the inner city might constitute a "suspect class" worthy of special protection, and subjected to illegal discrimination under § 32J, would be ludicrous.

cation challenge based on equal protection grounds to Utah's drug-free school zone statute. In *State* v. *Moore*, 782 P.2d 497, 503 (Utah 1989), that court said the following:

> "Defendant cannot argue that he is treated any differently than any other similarly situated individual who deals drugs within the prescribed location. He resides in a small city. Consequently, the school yard may be more readily located within 1,000 feet of his residence . . . than is the case with the drug dealers in larger cities. However, this increased proximity does not make defendant dissimilar and therefore entitle him to dissimilar treatment . . . The "bright line test" is based strictly on distance from the school, regardless of the town's population or configuration. Such a test is constitutional."

We agree with these observations. No court has concluded otherwise. See *United States* v. *Pitts*, 908 F.2d 458, 460 (9th Cir. 1990) (fact that 80% of the city of Spokane is within 1,000 feet of a school did not invalidate Federal school zone statute on equal protection grounds); *United States* v. *Agilar*, *supra* at 126 (Federal school zone statute did not violate equal protection principles by having disparate impact on drug dealers in urban areas); *Harrison* v. *State*, 560 So.2d 1124, 1128 (Ala. Crim. App. 1989) (disparate impact of school zone statute on urban areas did not give rise to an equal protection claim). Section 32J does not discriminate against any group; it furthers a legitimate State interest of protecting children and adolescents by establishing a drug-free school zone and treats those who would disobey the law within the zone equally. See *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 743 (1986).

4. The defendant's last two arguments deserve only brief comment.

(a) There was no objection to the judge's instructions to the jury on the issue of distribution. The instructions given followed those requested by the defendant's trial counsel. We

consider the instructions to be error free, and reject the defendant's unconvincing argument that the jury should have been told that the defendant could not be found guilty if they concluded that he intended only "to share" his marihuana with others.

(b) The defendant's trial counsel did not furnish ineffective assistance. Counsel's concession that the defendant did possess the marihuana found on him was an obvious tactical decision made to press the defense that the defendant did not have an intent to distribute. The tactic was reasonable because the defense mentioned was clearly the only strategy available to meet a very strong government case. See *Commonwealth* v. *Sielicki*, 391 Mass. 377, 382 (1984); *Commonwealth* v. *Key*, 381 Mass. 19, 33 (1980).

The defendant's conviction in the jury session of the Boston Municipal Court on the violation of G. L. c. 94C, § 32J, is affirmed. His conviction in the jury session on the violation of G. L. c. 94C, § 32C, is vacated, and there his conviction as entered in the primary session of the Boston Municipal Court is reinstated on that violation.

*So ordered.*