**Lee Norman CLARK, Petitioner–Appellant,**

v.

**Clifton E. FLOYD, Warden, FCI Phoenix, Respondent–Appellee.**

No. 94–16759.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 1995 *.

Decided April 3, 1996.

* The panel unanimously finds this case suitable for decision without argument. Fed. R.App. P. 34(a)

and Ninth Circuit Rule 34–4.

Lee Norman Clark, pro per, Phoenix, Arizona, petitioner-appellant.

Charles M. Steele, Assistant United States Attorney, Phoenix, Arizona, for respondent-appellee.

Before: SNEED, CANBY, and FERNANDEZ, Circuit Judges.

CANBY, Circuit Judge.

### I.

Lee Norman Clark filed a petition for habeas corpus under 28 U.S.C. § 2241 in district court. The district court denied Clark's petition on the merits, and Clark appeals. He contends that time spent in state custody and at large after his release from state custody should be credited against his federal sentences. Because we agree that the time spent after release should be credited, we reverse the district court's denial of Clark's petition.

### II.

In 1983, Clark was convicted in district court of federal drug offenses. The district court sentenced Clark to two five-year prison terms and a five-year term of probation, all of which were to run consecutively. After sentencing, Clark was released on bond pending appeal. The court ordered that the probationary term commence at that time.

While on that probation, Clark was arrested in Montana on state charges of manufacturing methamphetamine. Clark was placed in state custody that day. He was convicted in Montana state court and began serving his state sentence of 40 years in state prison.

Subsequently, the federal court issued a writ of habeas corpus ad prosequendum, under which Clark was delivered to the federal court for a probation revocation hearing. On November 1, 1984, the district court revoked Clark's probation because of his Montana conviction, and sentenced him to a third five-year prison term to run consecutively to the other two federal five-year terms. The

Judgment and Probation/Commitment Order states that pursuant to the court's judgment "[t]he defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five (5) years...." The marshal returned Clark to Montana prison authorities on December 3, 1984, so that he could continue serving his Montana sentence. By that time, the marshal had sent the Montana State Prison's Records Office a detainer directing it to notify the marshal when Clark was released from state prison, so that he could be taken into federal custody to begin serving his federal sentence. The Montana State Prison Warden acknowledged receipt of the detainer and agreed to comply with it.

On November 27, 1989, Clark was released on parole by Montana prison authorities. The Montana authorities failed to inform the United States Marshal of Clark's release. Nearly three years later, federal authorities learned of Clark's release, and took him into federal custody on August 18, 1992, to begin serving his three consecutive federal five-year sentences computed from that date. Clark then brought this petition for habeas corpus.

### III.

*Credit commencing November 1, 1984*

Clark first argues that he should be given credit from November 1, 1984, the date on which the district court revoked his probation and added five years to his sentence. Clark contends that when the district court revoked his probation and added five years to his federal prison sentence, it intended Clark to begin serving his federal sentence immediately rather than to return to the Montana prison. Clark points out that the district court's Judgment and Commitment Order contains a preprinted paragraph stating that pursuant to the judgment "[t]he defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five (5) years...." Clark asserts that the marshal violated the district court order by

returning him to the Montana State Prison rather than delivering him to a federal penitentiary. Therefore, he argues, he should be given credit toward his federal sentence from November 1, 1984, onward.

We reject Clark's argument. It is true that we have held that an order directing a defendant to be delivered "forthwith" to federal authorities starts· federal time running when the marshal fails to follow the order. *Smith v. Swope*, 91 F.2d 260, 261 (9th Cir. 1937). But the court's order here differed from that in *Smith*. It did not specify that Clark was to begin serving his federal sentence forthwith rather than to return to state prison to continue serving his state sentence. The language of Clark's Order is similar to that of the petitioner's order in *Thomas v. Whalen*, 962 F.2d 358 (4th Cir.1992), a case arising out of similar circumstances. In *Thomas*, the petitioner's order stated that he was "hereby committed to the custody of the Attorney General or his authorized representative for imprisonment." *Id.* at 362. The court noted that Thomas' commitment order was preprinted and only ordered Thomas committed to the Attorney General "for the purpose of imprisonment, but it did not purport to commit him immediately to prison." *Id.* Thus, the court held, the marshal properly interpreted the order when he returned the petitioner to state prison to continue serving his state sentence.

█ We agree with the Fourth Circuit's reasoning in *Thomas* and apply it here. The marshal correctly interpreted the district court's order when he returned Clark to the Montana prison after his second federal sentencing. Because the district court's order did not require immediate federal commitment, Clark did not begin to serve his second federal sentence on November 1, 1984,[1] nor was he entitled to credit toward his federal sentence for a period commencing on that date.

*Credit commencing November 27, 1989*

Clark next argues that he is entitled to credit toward his federal sentence from No-

---

1. The computation of Clark's sentence was controlled at that time by 18 U.S.C. § 3568, which stated that

    [t]he sentence of imprisonment of any person convicted of an offence shall commence to run

from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence....

vember 27, 1989, the date on which he was erroneously released from the Montana prison rather than being delivered to the custody of federal marshals, to August 18, 1992, the date on which he was actually taken into federal custody to begin serving his federal sentence. He relies on *United States v. Martinez,* 837 F.2d 861, 865 (9th Cir.1988), where we held that

> [u]nder the doctrine of credit for time at liberty, a convicted person is entitled to credit against his sentence for the time he was erroneously at liberty provided there is a showing of simple or mere negligence on behalf of the government and provided that the delay in execution of sentence was through no fault of his own.

*Id.* at 865. *See also Green v. Christiansen,* 732 F.2d 1397, 1400 (9th Cir.1984).

The district court rejected Clark's argument because it noted that in *Martinez,* we also said:

> Traditionally, the doctrine of credit for time at liberty has only been applied where a convicted person has served some part of his sentence and then been erroneously released. It is immaterial whether the convicted person has served one day or ten years of his sentence; if he is erroneously released thereafter, he is entitled to full day-for-day credit for the time he was at liberty. We express no opinion whether a distinction between serving one day and serving no time at all justifies a conclusion that credit be given for time erroneously at liberty.

*Martinez,* 837 F.2d at 865 (citations omitted).

We do not find this last passage from *Martinez* dispositive of Clark's case. Indeed, it expresses no opinion on the question now at issue. We did, however, confront a similar situation in *Smith v. Swope,* 91 F.2d at 261–62, a case to which we have already alluded. There we held that a prisoner was entitled to credit from the time the court ordered him to begin serving his sentence "forthwith," despite the marshal's failure to execute the court's order. We did not concern ourselves with the fact that the prisoner had not served any part of his federal sentence prior to the time for which he was given credit. *Id.* at 262; *accord United*

*States v. Croft,* 450 F.2d 1094 (6th Cir.1971). We noted that

> [t]he prisoner is entitled to serve his time promptly if such is the judgment imposed, and he must be deemed to be serving it from the date he is ordered to serve it and is in the custody of the marshal under the commitment, if, without his fault, the marshal neglects to place him in the proper custody.

*Smith,* 91 F.2d at 262. Otherwise, the result would be to grant

> the marshal, a ministerial officer, power more arbitrary and capricious than any known in the law. A prisoner sentenced for one year might thus be required to wait forty under the shadow of his unserved sentence before it pleases the marshal to incarcerate him.

*Id.*

■ Once he was released from Montana prison, Clark was entitled to the benefit of our ruling in *Smith.* There is no dispute that Clark was released from the Montana prison rather than being delivered to federal prison authorities "through the inadvertence of agents of the government and through no fault of his own." *Green,* 732 F.2d at 1400. Therefore, Clark should be given credit toward his federal sentence from November 27, 1989, the date he was released by the Montana authorities, to August 18, 1992, the date he actually began to serve his federal sentence.

We reverse the district court's dismissal of Clark's petition and remand to the district court for issuance of a writ requiring the credit to be granted.

REVERSED and REMANDED.

FERNANDEZ, Circuit Judge, concurring in part and dissenting in part:

I concur in all of the majority opinion with the exception of the part labelled "Credit commencing November 27, 1989." From that part I dissent.

Clark seeks to capitalize on a mistake made by Montana prison officials who released him, even though the United States marshal had filed a detainer with them. There is no doubt that Clark knew that he had been convicted in federal court of three counts of manufacturing a controlled sub-

stance. He had been sentenced to 10 years imprisonment plus 5 years probation. While those were on appeal, he was released on bond. He took advantage of that free time to return to his nefarious business. As a result, he was arrested, tried and sentenced for state offenses, and was then sent to Montana State Prison for 40 years. His federal probation was also violated and he received still another 5 year consecutive sentence for a total of 15 years in federal prison.

He now asserts that he should be credited for the time he was at liberty between his release from the Montana State Prison and his arrest by United States marshals. He suggests that he was confused and somehow just did not understand that the federal authorities might still expect him to serve his 15 year sentence for federal crimes. Of course, he never *did* ask or otherwise try to find out; he just took advantage of his freedom. I am far from impressed by his claim that fairness requires that he be given the credit he seeks.

No prior case of ours has gone so far. In *Smith v. Swope*, 91 F.2d 260, 261 (9th Cir. 1937), for example, the defendant had been convicted in federal court and had been delivered to the United States marshal to begin serving his sentence. Presumably the sentence started right then. However, the marshal delivered him to state court, where he was then convicted, sentenced, and imprisoned. We gave him credit for the time served in state prison. We did so largely because the marshal had no power to ignore the order of the federal court. As we said, a prisoner should not have to wait for years "under the shadow of his unserved sentence before it pleases the marshal to incarcerate him." *Id* at 262. Similarly, in *Green v. Christiansen*, 732 F.2d 1397, 1398 (9th Cir. 1984), the defendant had commenced service of his federal sentence. More than that, the marshal had refused to put a hold upon him while he was in state custody, and he was eventually paroled from state prison. There, like *Smith*, the marshal's default resulted in the defendant's being released from federal custody. In that circumstance we determined that the defendant should get credit for his time at liberty. *Id.* at 1400. And in *United States v. Martinez*, 837 F.2d 861, 865 (9th Cir.1988), we did suggest in a dictum

that a person who, due to marshal negligence, was not taken into custody might be entitled to credit for his time at liberty. We did not decide the issue, but we did comment in the slightly different context of an issue we were deciding that "[c]ourts have looked with favor on a defendant's attempt to bring a mistake to the government's attention." *Id.* at 864.

Other courts have reached results similar to ours. See, *e.g.*, *Kiendra v. Hadden*, 763 F.2d 69, 72–73 (2d Cir.1985) (where marshal refused to take custody from state when asked by the state to do so, the federal sentence began to run when defendant was released by the state); *White v. Pearlman*, 42 F.2d 788, 789 (10th Cir.1930) (prisoner erroneously released by federal authorities in mid-sentence; sentence continued to run during his liberty); *cf. Dunne v. Keohane*, 14 F.3d 335, 336 (7th Cir.) ("Punishment on the installment plan is forbidden.") cert. denied, —— U.S. ——, 114 S.Ct. 2182, 128 L.Ed.2d 900 (1994).

There is not the slightest hint that the marshal had a thing to do with the release of Clark. The marshal had filed the necessary detainer against Clark, who was then serving a 40 year sentence in a Montana prison. Clark was paroled into the country by Montana after he had served about 5 of those 40 years. Montana did not first contact the marshal, nor did it honor the detainer. It just released Clark. Within three days of finding out where he was, the marshal did arrest him.

Again, I fail to see, and Clark does not explain, why the mere fact of his improper release by Montana state authorities means that he can avoid service of his sentence for his federal crimes. I do agree that the government cannot play cat and mouse with prisoners. I also agree that it is sad when someone begins to make a fresh start and is then arrested for his past sins. What I disagree with is allowing criminals, like Clark, to take no responsibility for themselves when state authorities err and the federal authorities do not. Again, his suggestion that he thought that his 15 year federal sentence had just disappeared is more than difficult to accept. If, perforce, neither Clark nor the marshal is at fault, Clark should not benefit. It is he who

earned the 15 year punishment for his drug manufacturing. He should not be deprived of his deserts.

We have never before held that a state prisoner has a right to commence his federal sentence the moment his state sentence is over. No doubt the marshal must not unduly delay taking a defendant into custody, and surely the marshal may not refuse to do so. The marshal did neither of those. Clark, however, has now given new meaning to *carpe diem.* He has seized two years and nine months.

Therefore, I respectfully dissent to the portion of the majority opinion which allows him credit for time not served.