Ricardo **LOPEZ**, Petitioner,

v.

Luis **SPENCER**, Respondent.

Civil Action No. 93–40109–NMG.

United States District Court,
D. Massachusetts.

April 17, 1997.

Ricardo Lopez, Lancaster, MA, pro se.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a petition, filed pursuant to 28 U.S.C. § 2254 by Ricardo Lopez ("Lopez"), to vacate, set aside or correct his concurrent sentences of not less than nine years and not more than ten years as well as his sentence of two years to be served after the above-referenced concurrent sentences. Lopez's sentences were imposed in the Massachusetts Superior Court after he was convicted by a jury for distribution of a Class A Substance (M.G.L. c. 94C, § 32) (Indictment 90–1463), possession of a Class A Substance with intent to distribute (M.G.L. c.

94C § 32) (Indictment 90–1464), and commission of a drug offense within 1,000 feet of a school (M.G.L. c. 94C § 32J) (Indictment 90–1465).

In support of his petition for writ of habeas corpus, petitioner claims: 1) ineffective assistance of counsel, 2) violation of M.G.L. c. 278 § 11A, and 3) failure to allow his amended motion for a new trial. The respondent opposes the application. For reasons that follow, consistent with Rule 8(a) of the Federal Rules governing Habeas Corpus petitions, Lopez's petition will be dismissed without an evidentiary hearing.

## I. *Factual Background*

At about 10:00 a.m. on March 22, 1990, Vice Narcotics Officer David Seamans positioned himself at the fire escape door on the roof of the Lowell Housing Authority building in Lowell, Massachusetts. From that vantage point he commenced a surveillance of drug distribution activity.

With the aid of binoculars, Officer Seamans observed Juan Perez ("Perez") reading a newspaper as he leaned against a Toyota ("the Toyota") which was parked on Adams Street between Cross and Broadway Streets. After some time, three men—Lopez, Pedro Juan Balbi ("Balbi") and Thomas Queszada ("Queszada") approached Perez and began speaking with him. Between five and ten minutes later, Lopez, Balbi and Queszada departed leaving Perez at the Toyota. Shortly thereafter, the three men returned to the area under Officer Seaman's surveillance and Lopez and Balbi stopped near a driveway on Adams Street within about 25 feet of Perez ("position # 1"). Balbi reached down and hid an object under a group of trashbags that were on the sidewalk and then he and Lopez rejoined Perez at the Toyota whereupon Balbi placed an object under the front, passenger side tire of the Toyota.

After a few minutes, Queszada came running toward the Toyota pointing at a blue car that had followed Queszada from Adams Street. The blue car stopped on Adams Street where Queszada had joined Lopez, Balbi and Perez at the Toyota. Queszada said something to Balbi, who then retrieved something near the front, passenger side tire of the Toyota and handed it to Lopez. After receiving the item, Lopez climbed into the back seat of the blue car which was then driven away toward Cross Street.

Officer Seamans later testified that while Lopez was in the back seat of the blue car, he handed something to the front seat passenger who then handed Lopez cash. The blue car then turned right onto Cross Street and stopped briefly while the defendant got out of the car.

Officer Seamans radioed the number of the license plate of the blue car to Vice Narcotics Officer F. Russell Taylor, Jr. Officer Taylor, who had been conducting surveillance from his unmarked police cruiser on Broadway Street, drove to the corner of Adams and Salem Streets and blocked the path of the blue car. As a passenger in the blue car was apparently about to shove certain packets into his mouth, Officer Taylor seized them and arrested both the driver and the passenger of the blue car. Each of the four packets seized was stamped with a star and the word "terrific" and was later determined to contain heroin.

After Lopez got out of the blue car he ran toward Queszada, Balbi and Perez who were still standing by the Toyota and handed Balbi cash. Balbi, in turn, handed some of the money to Perez and kept the rest. As the four men talked with one another at the Toyota, a white male approached and said something to Queszada, whereupon Queszada bent down and retrieved something near the front, passenger side tire of the Toyota. Queszada showed the object to the white male who shook his head from side to side. Queszada, accompanied by the white male, walked over to the trashbags near the driveway on Adams Street (position # 1) and retrieved a brown bag from underneath the trashbags. The white male took something out of the brown bag and gave Queszada cash.

As the white male walked away from the area under surveillance, he was stopped by police. Shortly thereafter, police moved in on the four men as they began to disperse. The police arrested Queszada, Balbi and Perez at the scene, but the defendant Lopez had

already left the area. Officer Seamans went to the front, passenger side tire of the Toyota and found nothing after which he went over to the trashbags near the driveway on Adams Street (position # 1) and found and seized a brown bag. Inside the brown bag, Officer Seamans observed forty glassine bags, each stamped with a star and the word "terrific" The bags were later found to contain heroin. Approximately one half hour later, Officer Seamans arrested Lopez in front of a variety store at the corner of Broadway and Willie Streets in Lowell, Massachusetts, about an eighth of a mile from the surveillance scene.

All of the transactions that Officer Seamans observed from his surveillance point occurred within 1,000 feet of the property of Saint Patrick's grade school in Lowell, Massachusetts.

## II. *Procedural History*

On December 20, 1990, following a two day jury trial presided over by Justice Elizabeth B. Donovan, a Massachusetts Superior Court jury returned guilty verdicts on each of the three indictments brought against Lopez. Accordingly, Lopez was sentenced to two concurrent terms of nine to ten years each and to a sentence of two years to run from and after the concurrent sentences.

On December 27, 1990, Lopez filed a notice of appeal from his convictions and a motion for a new trial. On January 4, 1991, Justice Donovan denied the defendant's motion for a new trial without an evidentiary hearing. On December 18, 1991, after successor appellate counsel had been appointed, the petitioner filed a motion to amend his motion for a new trial as well as a motion for reconsideration. Justice Donovan allowed the defendant's motion to amend, but shortly thereafter denied his amended motion without a hearing.

Lopez filed a notice of appeal from the denial of his amended motion for a new trial which was consolidated with the appeal of Lopez's convictions. On February 9, 1993, the Massachusetts Appeals Court issued a rescript opinion affirming the convictions and the following month, the Massachusetts Supreme Judicial Court denied Lopez's request for further appellate review. On June 17, 1995, Lopez filed his Petition for Writ of Habeas Corpus ("the Petition") in this Court.

## III. *Analysis*

### A. *Lopez's Conviction Under the School Zone Statute Comports With Due Process Guarantees*

The School Zone Statute prohibits distribution of controlled substances within 1,000 feet of school property. M.G.L. c. 94C, § 32J. Lopez claims that his conviction under that statute should be reversed because it is unconstitutionally vague and overbroad, both as written and as applied to him. Specifically, Lopez argues that the average person has no way of conforming his conduct to the requirements of the law, because he has no practical ability to determine whether any given location is within 1,000 feet of school property. This Court dismisses Lopez's "void for vagueness" argument because 1) he has misapplied the doctrine and 2) the very issue about which Lopez complains was addressed and decided adversely to his position in *Commonwealth v. Taylor*, 413 Mass. 243, 596 N.E.2d 333 (1992).

A statute is not unconstitutionally vague simply because it requires a person to conform his conduct to an imprecise standard. *Taylor*, 413 Mass. at 248, 596 N.E.2d 333; *Commonwealth v. Gallant*, 373 Mass. 577, 580, 369 N.E.2d 707 (1977). Rather, a law is "void for vagueness" if people of common intelligence must necessarily guess at its meaning and differ as to its application. *Commonwealth v. Freiberg*, 405 Mass. 282, 288, 540 N.E.2d 1289, *cert. denied*, 493 U.S. 940, 110 S.Ct. 338, 107 L.Ed.2d 327 (1989). A vague statute violates due process because it fails to give fair warning of the conduct proscribed and engenders the possibility of arbitrary and discriminatory enforcement. In this case, the petitioner sold heroin within 1,000 feet of school property. It strains credibility to argue that the statute fails to give Lopez notice that his activity was prohibited. Nor does petitioner claim that he was singled out as a target of arbitrary or discriminatory enforcement. Petitioner fails, therefore, to articulate a claim which implicates the "void for vagueness" doctrine.

Lopez next attacks the school zone statute on grounds that it is unconstitutionally overbroad in that it punishes individuals it was not intended to punish. Lopez asserts, without authority, that the school zone statute was intended to stop drug dealers from selling drugs to school children. In advancing that argument, however, Lopez misperceives the subject doctrine. A statute is impermissibly overbroad if it prohibits conduct which is otherwise constitutionally protected.

> There is no constitutional protection granted to the possession of illegal drugs with intent to distribute, and the defendant obviously cannot make any argument tying his conduct to any protected form of expression or conduct.

*Commonwealth v. Taylor*, 413 Mass. at 249, 596 N.E.2d 333 Lopez's claim of overbreadth is therefore without merit on its face and as applied.

B. *The Trial Judge's Reference to "A Second Offense," In The Presence Of A Panel Of Jurors, Prior To Jury Impanelment, Does Not Require A New Trial*

Lopez contends that he is entitled to a new trial because the trial judge mentioned the words "and a second offense," in her introductory remarks to potential jurors. In *Commonwealth v. Burkett*, 5 Mass.App.Ct. 901, 370 N.E.2d 1017 (1977), the Massachusetts Appeals Court decided the same issue on facts similar to this case. In *Burkett*, the clerk inadvertently referred to the second offense portion of an indictment while summarizing the charges against the defendant in the presence of a panel of prospective jurors. The judge instructed the panel to disregard the clerk's remarks concerning the indictments, and the clerk re-summarized the indictments without mentioning the second offense. The Appeals Court held that the clerk's inadvertent reference to the second offense, prior to trial, did not require a new

trial because no further mention was made of it and the judge's instruction cured any harm caused by the clerk's statement.

Similarly, in this case, the reference to a second offense was made prior to trial in the presence of potential jurors, the clerk re-read the indictments properly once the jurors were sworn and the judge issued a curative instruction. This Court concludes, therefore, that the petitioner is not entitled to a new trial.

C. *The Petitioner Was Afforded The Effective Assistance Of Counsel at Trial*

Lopez claims that he is entitled to habeas relief because he was denied the effective assistance of counsel at trial.[1] In order to maintain such a claim sufficient to overturn a conviction, the defendant must show that the performance of his trial counsel fell measurably below that of an ordinary fallible lawyer and that, as a result, he was deprived of an "otherwise available, substantial ground of defence." *Commonwealth v. Saferian*, 366 Mass. 89, 96, 315 N.E.2d 878 (1974).

In the pending petition for habeas corpus, Lopez claims that his trial counsel was ineffective for:

1) failing to challenge the constitutionality of the school zone statute,

2) failing to file a motion to suppress evidence,

3) failing to mention the defendant's alibi in his opening statement and to support adequately the alibi defense which was presented, and

4) agreeing to stipulate that the drug activity testified to by prosecution witnesses occurred within 1,000 feet of school property.

This Court concludes that the petitioner has failed to sustain his burden of demonstrating that any of the four alleged grounds of ineffectiveness deprived him of a fair trial.

---

1. The petitioner has not specified whether his ineffective assistance of counsel claim is based upon the Sixth Amendment to the United States Constitution or Article 12 of the Massachusetts Declaration of Rights. While the petitioner quotes a case which cites the Sixth Amendment, he relies on case law decided under Article 12

and therefore, his claim will be treated by this Court as if he had sufficiently raised an Article 12 claim. *See, Commonwealth v. Fuller*, 394 Mass. 251, 256 n. 3, 475 N.E.2d 381 (1985) (if Massachusetts standard for ineffective assistance of counsel is met, federal test is necessarily met).

■ The petitioner made no colorable attempt to establish that his trial counsel's failure to challenge the constitutionality of the school zone statute prejudiced him. The school zone statute (M.G.L. c. 94C, § 32J) has been found to be constitutional in a case that challenged it on the same grounds raised by the petitioner. *Commonwealth v. Taylor,* 413 Mass. 243, 596 N.E.2d 333 (1992). Trial counsel's failure to contest the constitutionality of the statute did not and could not have prejudiced the petitioner at his trial.

■ Moreover, this Court concludes that trial counsel's failure to file a motion to suppress evidence did not prejudice the defendant at trial because the motion had no reasonable likelihood of success on the merits. Lopez could not challenge either of the contested searches because he had no reasonable expectation of privacy in the areas searched. The trashbags under which the heroin was found were located on a public sidewalk where the defendant could not seriously contend that he had a privacy interest. *Commonwealth v. A Juvenile (No. 2),* 411 Mass. 157, 160–161, 580 N.E.2d 1014 (1991) (no reasonable expectation of privacy in driveway to private residence); *Commonwealth v. Pratt,* 407 Mass. 647, 660–661, 555 N.E.2d 559 (1990) (no reasonable expectation of privacy in garbage bags placed at curb for garbage pick-up).

Likewise, the petitioner has no basis upon which to move to suppress the heroin seized from the occupants of the blue car. Lopez had no reasonable expectation of privacy in the blue car because it did not belong to him, nor was he present when the heroin was seized from one of the occupants of that car. As a result, the petitioner had no standing to challenge the search. *Commonwealth v. Mattos,* 404 Mass. 672, 680, 536 N.E.2d 1072 (1989) (defendant had no standing to challenge search of premises, where defendant did not live there and was not present during search).

Lopez has shown no likelihood of prevailing on a suppression motion. He asserts that the heroin seized from the occupants of the blue car was obtained pursuant to an illegal search and seizure, but he offers no legal analysis in support of his contention. Because Lopez has not demonstrated that he was likely to succeed on his motion to suppress, he cannot establish that his trial counsel's failure to move to suppress the heroin deprived him of an otherwise available and substantial ground of defense.

■ Again, trial counsel's failure to mention the petitioner's alibi in his opening statement did not prejudice the petitioner because the alibi was effectively developed at trial and stated during closing argument. The petitioner's contention that trial counsel failed to investigate and support the defendant's alibi properly is likewise completely unsupported by the record at trial.

■ Finally, trial counsel's stipulation to the distance of the offense from the school zone did not prejudice Lopez at his trial. Not only was the Commonwealth fully prepared at trial to meet its burden of proving the distance element but also the stipulation in no way detracted from his alibi that he was not present during, nor did he participate in, the drug transactions. This Court concludes that the various allegations of ineffectiveness claimed by the petitioner did not prejudice him at trial nor deprive him of an otherwise available and substantial ground of defense.

■ Moreover, it is the considered conclusion of this Court that the trial judge did not abuse her discretion in declining to grant an evidentiary hearing or in denying the defendant's amended motion for a new trial. The petitioner's affidavit in support of his amended motion for a new trial failed to substantiate the claims made in his motion and, therefore, failed to raise a substantial issue necessitating an evidentiary hearing. Mass.R.Crim.P. 30(c)(3); *Commonwealth v. Stewart,* 383 Mass. 253, 257, 418 N.E.2d 1219 (1981).

## ORDER

For the foregoing reasons, Lopez's petition for writ of habeas corpus is **DISMISSED.**

So ordered.