142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald W CLEMENTE, Petitioner-Appellant,
v.
J.J CLARK, Warden, Respondent-Appellee.
 No. 97-3770.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 3, 1998*.
Decided March 12, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied April 16, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. No TH 97-241-C-T/F, John D. Tinder, Judge.
 Before Hon WILLIAM J. BAUER, Hon JOHN L. COFFEY, Hon DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Gerald W Clemente, an inmate at the United States Prison in Terre Haute, Indiana, appeals pro se the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 Clemente was serving a state sentence of imprisonment when he pleaded guilty to a federal racketeering charge under 18 U.S.C § 1962, and was sentenced by the United States District Court for the District of Massachusetts to 15 years' imprisonment, running consecutively to his state sentence, and a $25,000 fine Clemente maintains that the United States Bureau of Prisons ("BOP") failed to exercise its discretion to impose a concurrent sentence, and requests that this court order the BOP to reconsider its decision We affirm
 
 
 2
 Clemente pleaded guilty to racketeering pursuant to a plea agreement in which the government agreed to recommend a 20-year sentence to run concurrently with Clemente's state sentence. However, the agreement clearly stated that Clemente's sentence was within the sole discretion of the sentencing court. On June 19, 1987, the Massachusetts district court imposed "imprisonment for a period of Fifteen (15) years from and after the state sentence."
 
 
 3
 Clemente was paroled from his state sentence on January 23, 1995, and began serving his federal sentence on that date.. In July 1996, Clemente requested the BOP to retroactively designate the Massachusetts state prison as the place for service of his federal sentence pursuant to BOP Program Statement 5160 2 (July 7, 1989). Such a designation would credit Clemente's federal sentence with the approximately 7 1/2 years he served in state custody from the date of his federal sentencing until his parole from the state sentence
 
 
 4
 Clemente exhausted his administrative remedies to no avail. The BOP denied Clemente's request pursuant to Program Statements 5160.2 and 5160.03 (September 29, 1994), the Program Statement that rescinded 5160.2. Under either Program Statement, the BOP could designate a non-federal facility for service of a federal sentence if doing so would be consistent with the intent of the federal sentencing court. However, in sentencing Clemente, the Massachusetts district court made clear that it intended Clemente's federal sentence to run consecutively to his state sentence
 
 
 5
 In August 1997 Clemente filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana.[1] He framed his claims as follows (1) the BOP, as an arm of the Department of Justice, is obligated to fulfill the promises made by the Government, and (2) if the BOP follows its own rules, as it must, he should be entitled to immediate release
 
 
 6
 The district court construed the first claim as an effort to obtain specific performance of the plea agreement. The district court held that it did not have jurisdiction over this claim because Clemente was actually seeking a different sentence--the one he expected or was "promised" in the plea agreement--and therefore was required to seek relief from the sentencing court pursuant to 28 U.S .C. § 2255. The district court construed the second claim as an argument that the BOP should have designated the Massachusetts facility where Clemente was serving his state sentence as a facility for service of the federal sentence. The district court rejected this claim because the BOP executed the federal sentence as issued by the Massachusetts district court.
 
 
 7
 On appeal, Clemente's argues that under the law existing at the time of his sentencing, the sentencing court did not have the power to impose a concurrent sentence.[2] Given this limitation on the district court's power, he contends that the BOP, as an arm of the United States Department of Justice, should have given effect to the plea agreement, which recommended that his federal sentence run concurrently with his state sentence Clemente maintains that the BOP failed to exercise its discretion to impose a concurrent sentence, and requests that this court order the BOP to reconsider its decision.
 
 
 8
 We review the district court's legal conclusions de novo. See Barnard v. Henman, 80 F.3d 373, 376 (7th Cir.1996). We have jurisdiction over Clemente's claim because it challenges the BOP's calculation of his sentence, and thus is cognizable under 28 U.S.C. § 2241. See, e.g., Clemente v. Allen, 120 F.3d 703, 705 (7th Cir .1997).
 
 
 9
 Clemente's argument is based on the Third Circuit's decision in Barden v. Keohane, 921 F.2d 476 (3d Cir.1990). In Barden, the Third Circuit held that the BOP erred in concluding that it lacked discretion to consider the inmate's request for a concurrent sentence based on the fact that the sentencing court had not recommended that the inmate's federal sentence run concurrently with his state sentence. Id. at 482-83 Clemente contends that the BOP made the same error in this case. However, there is no evidence that the BOP did not exercise its discretion to impose a concurrent sentence in this case.
 
 
 10
 The parties dispute which BOP Program Statement applies in this case--Program Statement 5160 2 (June 7, 1989) or 5160.03 (Sept 29, 1994)--but under either statement the BOP's policy was the same. Program Statement 5160.03 was the policy in effect when Clemente requested a nunc pro tunc designation of his federal sentence, and that statement did not change the policy under Program Statement 5160.2 for granting nunc pro tunc designations. Therefore, we will rely on Program Statement 5160.03 in analyzing Clemente's claim.
 
 
 11
 BOP Program Statement 5160.03 provides that pursuant to Barden, "the Bureau must consider an inmate's request for concurrent service of his state and federal sentences. However, there is no obligation under Barden for the Bureau to grant the request by retroactively designating a state institution as the place to serve the Federal sentence." According to 5160.03, the BOP may designate a non-federal institution for service of a federal sentence when it would be consistent with the intent of the sentencing court. In this case, however, the Massachusetts district court clearly expressed its intent that Clemente's federal sentence be served consecutively to his state sentence. The Massachusetts district court's order committed Clemente to "imprisonment for a period of Fifteen (15) years from and after the state sentence." (emphasis added). See Lopez v. Spencer, 961 F.Supp. 332, 335 (D.Mass.1997) (construing "from and after" in order sentencing defendant to two years "to run from and after the concurrent sentences" to mean a consecutively running sentence)
 
 
 12
 There is no evidence in the record demonstrating that the BOP failed to consider Clemente's request. On the contrary, the Regional Director of the BOP, in denying Clemente's request for nunc pro tunc designation, expressly wrote that his request had been reviewed in light of BOP policy, Program Statement 5160 03, and Barden v. Keohane. The General Counsel of the BOP, the next step up the ladder of administrative appeals, recognized the BOP's discretionary authority under Barden, and concluded that the regional office had reviewed his request in accordance with Barden.
 
 
 13
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case, accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a), Cir.R. 34(f)
 
 
 [1]
 In a prior action, Clemente challenged his sentence by bringing a constitutional tort claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and seeking mandamus relief with respect to the calculation of his sentence. The district court dismissed the Bivens action without prejudice on the basis of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Clemente's sentence had not been declared invalid or expunged. The district court then construed Clemente's claim for mandamus relief as a request for habeas corpus relief, which it denied because Clemente had not alleged the exhaustion of his administrative remedies. We affirmed in Clemente v. Allen, 120 F.3d 703 (7th Cir.1997). Since that decision, Clemente has exhausted his administrative remedies regarding the BOP's execution of his sentence. He now challenges the BOP's execution of his sentence in this action pursuant to 28 U.S.C. § 2241
 
 
 [2]
 For offenses committed prior to November 1, 1987, a federal sentence of imprisonment would not begin to run until the person sentenced was "received at the penitentiary, reformatory, or jail for service of such sentence." 18 U.S.C. § 3568 (repealed 1987). The Attorney General had the power to designate the place of confinement where the sentence would be served 18 U.S.C. § 4082 (repealed 1987). As a result, the sentencing court "could at most recommend to the Attorney General that the defendant serve a federal sentence at a state institution to make the sentence concurrent with a state sentence." United States v. Ray, 828 F.2d 399, 418 n. 19 (7th Cir.1987). See also United States v. Aleman, 609 F.2d 298, 309 (7th Cir.1979)