**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mark Edwin MINEHART, aka Mark Edward Minehart, Defendant— Appellant.**

No. 05–30292.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2006.*

Decided Jan. 26, 2006.

William W. Mercer, Esq., Office of the U.S. Attorney, Billings, MT, Paulette L. Stewart, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff—Appellee.

Michael Donahoe, Esq., Federal Defenders of Montana Helena Branch Office, Helena, MT, for Defendant—Appellant.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Appellant Mark E. Minehart appeals the district court's orders (1) denying Minehart's motion to continue his hearing to

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

revoke his supervised release and (2) revoking such release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Minehart argues the district court erred when it revoked his supervised release because at that time he was not subject to the conditions of his supervised release. Minehart contends the district court earlier had modified his sentence under 18 U.S.C. § 3582(c) when it had credited his time at liberty toward his federal sentence under *Clark v. Floyd*, 80 F.3d 371 (9th Cir.1996), eliminating his term of federal imprisonment. Because supervised release can be imposed only after release from federal prison, *see* 18 U.S.C. § 3583(a), he claims that he was ineligible for supervised release at the time the district court modified his sentence.

We disagree. The district court did not modify Minehart's sentence; he was subject to his original sentence that included a term of supervised release. What the district court did was to credit Minehart's time at liberty, due to his guardian's slip-up, as if he had been in prison. Minehart has not moved to modify this windfall.

The district court correctly revoked his supervised release when it found that Minehart had violated a condition of his supervised release by testing positive for methamphetamine use.

Minehart also contends that the district court abused its discretion in denying his motion to continue. However, we hold that the balance of the four factors we use to review a district court's denial of a requested continuance, *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.), *amended by* 764 F.2d 675 (9th Cir.1985), establishes that the district court acted within its discretion.

AFFIRMED.