NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30144 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00269-RSL-1 |
| v. | |
| MUHAMMED ZBEIDA TILLISY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30151 |
| Plaintiff-Appellee, | D.C. Nos. 2:13-cr-00310-RSL-1 |
| v. | 2:13-cr-00310-RSL |
| MUHAMMED ZBEIDA TILLISY, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted April 5, 2024
Portland, Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: OWENS and FRIEDLAND, Circuit Judges, and RAYES,[**] District Judge.

Muhammed Tillisy filed a pro se petition for nunc pro tunc designation after he was convicted of fraud in state court, and fraud and supervision violations in federal court. He was sentenced to 163 months of imprisonment in state court and a consecutive 96 months and one day of imprisonment in federal court. As the parties are familiar with the facts, we do not recount them here.

We construe Tillisy's filing as a 28 U.S.C. § 2241 petition "to create a better correspondence between the substance of . . . [his] motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003). The government's objection that Tillisy failed to exhaust administrative remedies is forfeited. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995); *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) ("[A]n issue will generally be deemed waived on appeal if the argument was not 'raised sufficiently [in] the trial court.'" (quoting *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992)). We review the denial of a § 2241 petition de novo. *Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008). We affirm.

1. Primary jurisdiction "refers to the determination of priority of custody

---

[**] The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

2

and service of sentence between state and federal sovereigns." *Taylor v. Reno*, 164 F.3d 440, 444 n.1 (9th Cir. 1998). "[I]f a sovereign takes a defendant into its custody before another sovereign has done so, then the arresting sovereign establishes its primary jurisdiction and may give effect to its sentence before other sovereigns may do so." *Johnson v. Gill*, 883 F.3d 756, 764-65 (9th Cir. 2018). "A sovereign's priority terminates when the sentence expires, charges are dismissed, or the prisoner is allowed to go free." *Id.* at 765. Whether transferring a prisoner constitutes relinquishment "turns on whether the [sovereign] with primary jurisdiction intended to surrender its priority." *Id.*

When Tillisy posted bail and was released from state custody in September 2012, the state relinquished its primary jurisdiction. *Taylor*, 164 F.3d at 444 (holding that release on bail constitutes relinquishment of primary jurisdiction). His fraud on federal authorities had no bearing on the state's intent in relinquishing its jurisdiction. *See Johnson*, 883 F.3d at 765. The federal government then gained primary jurisdiction over Tillisy when it re-arrested him two days later. The federal government did not relinquish primary jurisdiction to the state when, after Tillisy's re-arrest, the U.S. Marshal transferred Tillisy to state custody on a writ of habeas corpus ad prosequendum. *See id.* at 766 ("[T]wo sovereigns are not bound 'by the actions of mere subordinate administrative officials such as the state sheriff and federal marshal.'" (quoting *Smith v. Swope*, 91 F.2d 260, 262 (9th Cir.

3

1937))); *Taylor*, 164 F.3d 445. Accordingly, the federal government had primary jurisdiction over Tillisy from his September 2012 re-arrest by federal authorities until the end of his federal sentencing in 2016.

However, the federal government relinquished its primary jurisdiction, and the state regained its primary jurisdiction when, after federal sentencing, the federal government returned Tillisy to state custody to serve his state sentences before his consecutive federal sentences. The federal government transferred physical custody to the state without any agreement suggesting that this transfer was only temporary, "which g[ives] rise to a presumption that both the federal government and the state government had 'agreed to a permanent change of custody.'" *Johnson*, 883 F.3d at 766 (quoting *Weekes v. Fleming*, 301 F.3d 1175, 1181 (10th Cir. 2002)). None of the federal government's other actions dispelled that presumption: the sentencing court explicitly ordered the state and federal sentences to run consecutively, and no representative of the Attorney General, or anyone else in the federal government, ever objected to the state's holding Tillisy while he was serving his state sentence. *Id.* This constitutes the requisite consent to the state government's taking and exercising primary jurisdiction to incarcerate Tillisy first. *See Strand v. Schmittroth*, 251 F.2d 590, 595 (9th Cir. 1957) (en banc) (recognizing that a sovereign can directly or impliedly consent to yielding primary jurisdiction).

4

2.  Tillisy contends that because the federal government had primary jurisdiction when he was sentenced, his federal sentence must have commenced at his arrest in 2012.  "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  A defendant is credited for "time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."  *Id.* § 3585(b). The U.S. Attorney General determines when a federal sentence commences.  *See Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922) ("The prisons of the United States and the custody of prisoners under sentence are generally under the supervision and regulation of the Attorney General.").

Tillisy was not "received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served" under § 3585(a) because the Attorney General, through the BOP, had not designated an official detention facility.  *See Hayden v. Warden*, 124 F.2d 514, 515 (9th Cir. 1941) (holding, in a case with consecutive federal and state sentences where the state sentence was to be served first, that the federal sentence did not begin to run when pronounced because appellant was not "received at the penitentiary or at a place of detention to await transportation thereto").

5

As Tillisy conceded at oral argument, he received credit toward his state sentence for the time he spent in federal custody before federal sentencing, so he is not entitled to any additional pre-sentence credits.

The cases Tillisy relies on are inapposite. In *Clark v. Floyd*, 80 F.3d 371 (9th Cir. 1996), the defendant—who had consecutive state and federal sentences—was erroneously released from state custody instead of transferred to federal custody. *Id* at 374. The court credited the defendant with time served from when he was released from state custody because he was "entitled to credit from the time the court ordered him to begin serving his sentence." *Id*. Here, the court ordered Tillisy's federal sentences to run consecutively, so the "time the court ordered him to begin serving his sentence" was at the conclusion of his state sentence, not the conclusion of sentencing. *Id.*

The holding of *Johnson* also only goes so far. In that case, the court held that "the district court did not have authority to order [the defendant] into federal custody to commence his federal sentence" because it did not have physical custody of the defendant *and* primary jurisdiction. 883 F.3d at 763 (alteration in original) (quoting *Taylor*, 164 F.3d at 444). Tillisy reads this statement to mean that if the federal government had physical custody and primary jurisdiction, his sentence automatically would have begun. But *Johnson* held only that these two elements would give the district court the authority to enter him into custody

6

immediately. *See id.* at 763-64. Even if the district court had that authority here, it did not exercise it. District court judges have the discretion to order sentences consecutive to sentences already imposed. *See Setser v. United States*, 566 U.S. 231, 236 (2012).

3. Tillisy next argues that "the state court judge in [his] first state-court judgment intended that he would receive credit towards his 120-month state sentence for time spent in federal custody" and so his state sentence was meant to run concurrent to his federal sentence. But Tillisy is referring to the "Credit for Time Served" portion of the state court judgment, which plainly states that the time spent in custody Tillisy was to get credit for was "time served *prior to sentencing*." In any event, even if Tillisy's state judges ordered that his state sentences run concurrent to his federal sentences, it still would not override the federal court's order that his federal sentence be consecutive. *See Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002), *abrogated on other grounds by Setser*, 566 U.S. at 244.

**AFFIRMED.**